

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# USA v. Degrasse

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2976

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Degrasse" (2007). *2007 Decisions*. Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-2976

UNITED STATES OF AMERICA

v.

ESBOND DEGRASSE,

Appellant

On Appeal from the District Court of the Virgin Islands
District Court No. 02-cr-00125
District Judge: The Honorable Anne E. Thompson

Argued December 10, 2007

Before: SMITH, NYGAARD, and ROTH, *Circuit Judges*

(Filed December 19, 2007)

Eszart A. Wynter (Argued)
27 Estate Whim
P.O. Box 1847
Frederiksted, St. Croix
U.S. Virgin Islands, 00841
*Counsel for Appellant*

Denise A. Hinds-Roach (Argued)
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
U.S. Virgin Islands, 00820
*Counsel for Appellee*

SMITH, *Circuit Judge*.

Esbond DeGrasse is a former Virgin Islands Narcotic Strike Force officer who, along with other officers, was arrested and charged in a sixteen count indictment alleging, *inter alia*, conspiracy, drug possession and distribution, racketeering and destruction of property. DeGrasse entered into a Plea and Cooperation Agreement with the Government and pled guilty on September 20, 2002. The District Court of the Virgin Islands sentenced DeGrasse to 48 months imprisonment on May 24, 2006. DeGrasse appealed.[1] He contends that 1) the Government breached the plea agreement; and 2) the delay in sentencing violated his Sixth Amendment right to a speedy trial and his Fifth Amendment right to due process. We will affirm the judgment of the District Court.

The record reveals that the parties executed a written plea agreement on September 16, 2002. Pursuant to that agreement, DeGrasse agreed to plead guilty to charges of conspiracy to distribute drugs and racketeering. In addition, he agreed to accept responsibility for at least five kilograms of cocaine for sentencing guideline purposes.

DeGrasse subsequently pled guilty to the above charges. Nevertheless, DeGrasse contends that the executed plea agreement contains terms that are different from terms

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

that he agreed to following negotiations and that were represented to him in an earlier draft of the agreement. Specifically, DeGrasse claims that he never agreed to the conspiracy charge or to accept responsibility for five kilograms of cocaine.

We see no reason to consider an earlier draft of the agreement. The terms of an agreement were reduced to writing and executed by the parties. The District Court thoroughly colloquied DeGrasse on that agreement during the plea proceedings. Because the Government complied with the terms of that plea agreement, DeGrasse's breach claim fails.

DeGrasse's speedy trial claim also fails.[2] DeGrasse pled guilty on September 20, 2002. As part of the plea agreement, DeGrasse agreed to cooperate with the Government's ongoing investigations and prosecutions. In addition, the agreement reserved to the Government the right to delay sentencing until his cooperation was complete.[3]

Pursuant to the agreement, DeGrasse testified against his two remaining co-defendants in August and September of 2003. The Probation Office filed its pre-sentence

---

[2] This Court has held conclusively that the Sixth Amendment right to a speedy trial applies from arrest through sentencing. *Burkett v. Cunningham*, 826 F.2d 1208, 1220 (3d Cir. 1987). Because DeGrasse raises this constitutional challenge for the first time on appeal to this Court, our review is for plain error. *United States v. Cotton*, 535 U.S. 625, 631 (2002) (citing *United States v. Olano*, 507 U.S. 725 (1993)).

[3] Paragraph "l" of the Plea and Cooperation Agreement provides: "To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will not object to sentencing being postponed until his cooperation is complete if deemed appropriate by the attorney for the government."

report ("PSR") on May 27, 2004, and the court scheduled DeGrasse for sentencing on March 17, 2006. DeGrasse requested a continuance, which was granted, and District Judge Thompson eventually sentenced him on May 24, 2006. Taking these facts into account, the delay that was not attributable to DeGrasse's cooperation or his own actions is the period from May 28, 2004, when the PSR was generated, to March 16, 2006, when the court initially scheduled DeGrasse's sentencing. This is approximately a 22-month delay.

To determine whether the Sixth Amendment has been violated, we weigh: 1) length of delay; 2) reason for the delay; 3) defendant's assertion of his right; and 4) prejudice to the defendant. *Burkett v. Fulcomer*, 951 F.2d 1431, 1439 (3d Cir. 1991) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530–31. We assume, without deciding, that the 22-month delay in sentencing is sufficiently lengthy to warrant consideration of the other three factors.

Here, the government's reason for the delay is twofold: 1) the judge assigned to DeGrasse's case retired from the bench in January 2005 and therefore a visiting judge had to be assigned to DeGrasse's case for sentencing; and 2) the judicial logistics attendant to sentencing four additional defendants. The record does not reveal any bad faith or dilatory purpose by the Government to delay sentencing. Therefore, while ultimate responsibility for these circumstances rests with the Government, they will not be

weighed heavily against it. *See Gov't of V.I. v. Pemberton*, 813 F.2d 626, 628 (3d Cir. 1987); *Barker*, 407 U.S. at 531.

As to the third factor, DeGrasse never asserted his right to a speedy trial and this factor weighs heavily against him. Our Court has reiterated the Supreme Court's admonition that the failure to raise the right makes it difficult for a defendant to prove that he was denied a speedy trial. *Pemberton*, 813 F.2d at 629 (citing *Barker*, 407 U.S. at 532).

Finally, DeGrasse cannot show prejudice resulting from the delay. He was at liberty at all times prior to his sentencing, his rights as a litigant were not impaired by the delay, and he did not suffer more than the usual hardships associated with awaiting sentencing. *See Pemberton*, 813 F.2d at 629 (recognizing that prejudice must be assessed in light of the interests which the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired).

The lack of prejudice, combined with DeGrasse's failure to assert his right, is decisive in this case. Additionally, the lack of prejudice disposes of DeGrasse's due process claim as well. *See United States v. MacDonald*, 456 U.S. 1, 8 (1982) (explaining that the Due Process Clause protects the interest of preventing prejudice to the defense caused by the passage of time). Accordingly, we will affirm the judgment of the District Court.

5